## Sanitary District of Chicago v. Peter Conroy.

1. EVIDENCE—*A Plat Incorrect in Minor Details Not Affecting the Premises, Admissible.*—A plat which, in so far as it relates to the premises in controversy, is correct, is admissible in evidence although it may be inaccurate in some minor details.

2. APPELLATE COURT PRACTICE—*Points Not Argued Are Waived.*—Where a party does not argue a point and cites no authorities on it, the point will be considered as waived.

3. SANITARY DISTRICTS—*When Liable for Damages to Land.*—A sanitary district is liable under section 361, chapter 24 R. S., for all damages to real property within or without such district, which shall be overflowed or otherwise damaged by reason of the construction, enlargement or use of any improvement under such act.

4. SAME—*Measure of Damages.*—The true measure of damages in case of the overflow of land, is the diminution in the market value of the property caused by the act of the sanitary district alleged in the declaration.

**Action for Damages,** caused by overflow of land. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

JAMES TODD and E. MEERS, attorneys for appellant.

J. L. O'DONNELL, attorney for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This was a suit by appellee against appellant to recover damages for injuries alleged to have been sustained by the overflow of certain lands owned by him in section 29 in township of Channahan, Will county, Illinois. The lands are situated between the Illinois and Michigan canal and the Desplaines river. The tract consisted of 149 acres, eighty-six acres of which was low land having a deep, black, rich soil. There was a trial by jury which resulted in a verdict and judgment in favor of appellee for $4,500, and the court also allowed appellee an attorney's fee of $300 to be taxed as costs. The right of recovery is based upon section 361 of chapter 24 R. S., which provides that every sanitary district shall be liable for all damages to real estate within or without such district which shall be overflowed or otherwise damaged by reason of the construction, enlargement or use of any channel, ditch, drain, outlet or other improvement under the provisions of this act; and actions to recover such damages may be brought in the county where such real estate is situate, or in the county where such sanitary district is located, at the option of the party claiming to be injured. And in case judgment is rendered against such district for damages the plaintiff shall also recover his reasonable attorney's fees, to be taxed as costs of suit; provided, however, it shall appear on the trial that the plaintiff notified the trustees of such district in writing, at least sixty days before suit was commenced,

by leaving a copy of such notice with some one of the trustees of such district stating that he claims damages to the amount of $——— by reason of (here insert the cause of damage) and intends to sue for the same; and provided further, that the amount recovered shall be larger than the amount offered by said trustees (if anything) as a compromise for damages sustained. The true measure of damages is the diminution, if any, in the market value of the property caused by the act of the sanitary district alleged in the declaration.

In the middle of appellee's premises is a piece of high table land. Before the water of the sanitary district was turned into the Desplaines river, appellee had put in some 4,000 feet of large tile to drain the eighty-six acres of low land. It was contended and we think demonstrated by the evidence, that the act of appellant totally destroyed the utility of this system of tiling by destroying its outlet. The evidence showed that turning a large quantity of water into the channel of the sanitary district caused the overflow of appellee's premises, which before had been rich productive lands, and destroyed their use for agricultural purposes.

That a cause of action existed and that appellee was entitled to recover substantial damages can not be denied. The principal question for determination upon this appeal is, as stated by appellant in its brief, whether the damages awarded by the jury are excessive. There is a wide range in the testimony offered on that question by the respective parties. The testimony given by appellee's witnesses, who were farmers, and had been familiar with the premises from twenty to forty years, and were well qualified to testify to the value of the land before and after the infliction of the injury complained of, would have justified an award in excess of that given by the jury. From an examination of all the testimony bearing upon the question of damages we are satisfied that the award was not excessive.

Appellant insists that the court erred in admitting in evidence a plat made by William H. Zarley, an engineer,

for the alleged reason that it was incorrect. The witness testified that in so far as the map related to the premises in controversy it was correct. This fact is not disputed in the record. The witness also testified that in some minor details, in nowise affecting the premises in controversy, the map was inaccurate. We are of opinion that the alleged inaccuracies shown by the map were immaterial and could in no manner have influenced the jury in the award of damages which appellant concedes is the substantial issue in the case. It is also urged that it was error to permit this witness to testify that the river had been higher since the making of this map, on October 2, 1902, than it was at that time. The fact testified to was within the personal knowledge of the witness. This was a suit to recover damages for permanent injuries to the land. The testimony was therefore competent and proper to be admitted and considered by the jury.

It is finally urged that the court erred in sustaining appellee's objection to the certified copy of the proceedings of the Supreme Court of the United States in the case of The State of Missouri v. The State of Illinois and the Sanitary District of Chicago. We hold that the court properly sustained the objection. The identical question is also before us in The Sanitary District v. Joliet Pioneer Stone Company, in which we have this day filed an opinion. The question of the rejection of this proof is there considered at length and reference is thereto made for a statement of the reasons why the court properly sustained the objection to the introduction of the proceedings of the federal court. The action of the trial court in allowing appellee $300 attorney's fee is not argued by appellant and the assignment of error relating to that question is therefore waived.

The record is free from error. The judgment does substantial justice to the parties and is affirmed.

Mr. Justice DIBELL took no part.